RICHARDS v. ADAMSON'S ESTATE ET AL.

1. **Administrator:** SALE OF LAND BY: LIABILITY. An administrator has no authority to sell land of the estate for any other consideration than cash, and cannot accept a note and mortgage in part payment. If he does, he cannot recover from the estate the expenses of foreclosure.

2. ——: WIDOW'S INTEREST. The acts of an administrator in effecting a sale of the widow's interest in the estate and collecting pay therefor are not done in the capacity of administrator, and as such he is not chargeable for any default in the transaction.

3. ——: EXTENT OF LIABILITY. The administrator is liable for the total amount the land of the estate is sold for, and cannot be credited with the amount of any worthless claim received therefor.

*Appeal from Jasper Circuit Court.*

WEDNESDAY, JUNE 7.

THE plaintiff, as administrator of the estate of F. M. Adamson, filed his final report. Thereupon S. N. Lindley, Esq., was appointed referee in the case, and all matters involved therein were submitted to him. After hearing the evidence submitted by the parties, he filed a report stating the facts found, and his conclusions of law thereon. The evidence was not reported. The plaintiff moved to correct and modify the report after it was filed, on the ground that certain of the referee's conclusions of law are erroneous. The report was approved, and a judgment rendered in accord therewith. Plaintiff appeals.

*Ryan Bros.*, for appellant.

*R. N. Sankey*, for appellee.

BECK, J.—I.   The referee found, and so reported to the court, that the administrator sold certain land belonging to the estate, for the sum of $1,333.33.   The widow of the deceased executed to the purchaser a conveyance of her interest in the land for the consideration of $366.66.   The purchaser paid $800 cash to the administrator, and in payment of the balance of the purchase money gave the administrator a note on one Blanton, secured by mortgage.   The sale seems to have been made under an arrangement between the administrator and the widow, whereby the administrator was to receive the proceeds of the widow's share.   The cash received by the administrator was paid to the county judge, with a request that it should be paid out on allowed claims against the estate; of this sum, the widow received $200.   The mortgage taken in part payment for the land was foreclosed, and $448.70 realized on the decree by the sale of the lands; the balance of the judgment remains uncollected.

*1. ADMINISTRATOR: sale of land by: liability.*

So far as the estate is concerned, the administrator is liable for the sum for which the land was sold.   He had no authority to accept the note and mortgage in part payment. · He should be charged with the sum of $1 333.33 as proceeds of the land.   He can be credited with no expenses incurred in the foreclosure of the mortgage, taking care of the property, or the like.

II.   The widow's interest in the land, in no manner pertains to the estate.   As administrator, plaintiff had nothing to do with it.   His acts in relation to the sale and receipt of payment of the widow's interest were not done in his capacity as administrator, but as her agent or trustee.   He is not liable for any default in his transactions for her, as administrator, and the court, in this proceeding, had no jurisdiction to settle his accounts with her, or pertaining to her business.   She must seek her remedy against him in a different proceeding.   It does not appear indeed that, in the proceeding, she is asking for an account, or an order for the payment of any sum to her.   Nor does this record show that any such order was made by the court.   It follows that the

*2. ——: widow's interest.*

referee's findings and report, touching the administrator's transactions affecting the widow's interest, are of matters that do not pertain to the case. We therefore decline to review them.

III. The referee correctly found that the administrator should be charged with the amount of the sale bill, $435.47.

3. ——: extent of liability. This sum added to the proceeds of the sale of the land, $1,333.33 is the amount of the charges against him, making $1,758.80. This sum is not to be reduced by worthless claims held by the estate, and which were entered in the inventory. He may have proper credit therefor on the inventory, but not on his account of cash received.

IV. The administrator claimed a credit for attorney's fees paid by him in the settlement of the estate. The referee made no finding as to the correctness of these claims, but referred the matter back to the court; they were not allowed. The facts upon which this ruling of the court was based are not found in the abstract before us. We cannot, therefore, review the decision.

V. The items of expenses and claim of the administrator for compensation, credits for claims paid, etc., as allowed by the referee and approved by the court, are not shown to be incorrect, nor is it shown that other sums should be allowed him. It follows that the order of the court requiring him to account for and make distribution of the sum found in his hands, according to the referee's report, is correct.

VI. If the order of the court is to be understood as settling the claim of the widow, or making any order touching the same, it is incorrect. As we have said, it does not clearly appear that it was intended to have that force.

The order and judgment of the court, so far as the estate and the affairs of the administrator are concerned, is affirmed.

In other matters which have arisen or may arise in the case, the action of the court below will conform to this opinion.

AFFIRMED.